UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION


DENISE PLEASANT, ET AL                              CIVIL ACTION NO. 11-cv-0380

VERSUS                                              JUDGE STAGG

UNITED STATES OF AMERICA                            MAGISTRATE JUDGE HORNSBY


**REPORT AND RECOMMENDATION**

**Introduction**

Nathan Chaney was taken by ambulance to the emergency room of Overton Brooks
VA Medical Center in Shreveport.  He died several hours later.  An administrative claim for
wrongful death damages was filed with the VA pursuant to the Federal Tort Claims Act
("FTCA").  After the final denial of the administrative claim, this civil suit was filed by: (1)
Denise Pleasant (administratrix and sister of the deceased), (2) Lavardis Whitman (child of
the deceased) and (3) Chassiti Williams (child of the deceased).  The complaint seeks
damages pursuant to Louisiana's wrongful death and survival causes of action, which are
available through the FTCA.

Before the court is the United States' Motion to Dismiss (Doc. 14) for lack of subject-
matter jurisdiction.  The Government argues that the administrative claim was filed by only
Denise Pleasant, who lacks the capacity individually or as administratrix to assert the claims
at issue, and that it is now too late for the children of the deceased to submit a timely
administrative claim.  Failure to timely exhaust administrative remedies would preclude the

court from exercising subject-matter jurisdiction over the claims of the children.  For the reasons that follow, it is recommended that motion to dismiss be granted in part by dismissing the claims by Ms. Pleasant and be denied in all other respects.

**Relevant Facts**

Nathan Chaney died in May 2006.  The FTCA allows two years for the filing of an administrative claim.  Near the end of that period, Denise Pleasant and Muriel Chaney Thomas, the sister and mother of the deceased, petitioned the state court for the appointment of Pleasant as the administrator of Nathan Chaney's succession.  They represented that the only asset of the succession was a malpractice claim against the VA hospital.  The petition explained that Mr. Chaney was never married but was the parent of two minor children, Lavardis Whitman and Chassiti Williams.  The petition represented that the (then) minor children were not residents of Louisiana and that an application for tutorship by their mothers would be necessary prior to conclusion of the malpractice suit.  Counsel for Plaintiffs represents in her memorandum that Ms. Pleasant pursued the appointment as administratrix with the objective to preserve the estate/claim for the benefit of the minor children, whose natural mothers  refused to cooperate in obtaining letters of tutorship.  The state court appointed Pleasant administratrix in December 2007.

On the two-year anniversary of Mr. Chaney's admission to the VA emergency room, Pleasant filed an administrative claim on Standard Form 95.  The claimant space on the form was completed with "Denise Pleasant, administratrix" and the name and address of her attorney.  In the section to identify the amount of the claim and type of injury or damage,

Pleasant completed the wrongful death space with a claim for $500,000.  Attached to the

form was a document similar to a complaint in a lawsuit.  The heading was Denise Pleasant,

et al versus Overton Brooks Medical Center (and others).  The first paragraph stated that

Nathan Chaney had died and was "survived his sister, Denise Pleasant, mother, Muriel Lee

Chaney Thomas, and minor children, Chassiti B. Williams and Lavardis R. Whitman."  The

remainder of the document set forth in numbered paragraphs allegations regarding Mr.

Chaney's medical care and death.  The final paragraph was in the nature of a prayer and

stated that petitioner Denise Pleasant prayed that a claim for death be reviewed and that an

award be made based on the substandard medical care that caused the death of Nathan

Chaney.  Counsel for Plaintiffs represents in her memorandum that the children were both

minors at the time their father died and when the administrative claim was made, but she says

they became majors later in 2008 (the year the claim was filed).

Not all communications between Ms. Pleasant's attorney and the VA are included in

the record, but there is a settlement offer from the VA from September 2009 in which the

agency proposed a settlement figure and stated:  "If your client chooses to accept this offer,

we will need approval of the probate court, *approval by the attorney(s) appointed to*

*represent the minor children*, as well as an authorization for release of medical records of Mr.

Chaney." (emphasis added).  This indicates that the agency was aware of claims on behalf

of the children.  A letter from counsel that proposed a counteroffer referred twice to her

"clients" in the first paragraph of the letter. The VA later issued a letter to Ms. Pleasant's

attorney that summarized the claim and stated that it was denied as "not amenable to

administrative resolution."   No further explanation was offered, and the letter made no

reference to the children. Counsel for Plaintiffs then filed a request for reconsideration and

stated that it was her "clients'" (plural) intent to resolve the matter expeditiously.

Counsel for the VA first raised the issue of Ms. Pleasant's capacity in June 2010.  He

wrote that it had come to the agency's attention that Ms. Pleasant was not a proper party

based on Louisiana law to file a claim regarding the death of her brother, either individually

or in her capacity as administratrix of the succession.  Counsel for Ms. Pleasant responded

with a letter in which she contended that a succession representative could exercise rights of

the class of the beneficiaries listed in the wrongful death and survival statutes.  Counsel

explained that she had the administratrix file the claim in this case because "time was of the

essence," but she acknowledged that it eventually would have been necessary to confirm the

minors' mothers as tutrix to finalize the settlement.  She said that step was not taken before

the claim was filed because the children were about to become majors, so the process would

likely have been a waste of time.  She also attached new SF 95 forms signed and dated by

Lavardis Whitman and Chassiti Williams, individually, each dated July 14, 2010.

The VA issued a final denial of Ms. Pleasant's request for consideration.   It

maintained its position that Ms. Pleasant, as a sister or succession representative, was not a

proper beneficiary entitled to bring a wrongful death or survival action "on behalf of Mr.

Chaney or his surviving children."  The agency took the position that a claim on behalf of

the minor children was required to have been filed by an appointed tutor not later than May

12, 2008.  That did not happen, so the agency added that the claims of Lavardis and Chassiti

were now barred by statute as untimely.  The VA later issued another letter, after this suit

was filed, that separately denied the individual claims of the two children.

**Analysis**

The United States is immune from suit except where expressly provided by Congress.

The FTCA is such a provision, and it allows suits against the United States for personal

injury or death caused by the negligence of any employee of the government, committed

while the employee was acting within the scope of his employment, under circumstances

where a private person would be liable to the claimant in accordance with the law of the state

where the negligence occurred.  28 U.S.C. § 2672; Tindall v. U.S., 901 F.2d 53, 55 (5th Cir.

1990).

Louisiana Civil Code Art. 2315.1 provides for a survival action, which permits

recovery only for damages actually suffered by the deceased from the time of injury to the

moment of death.  Simmons v. Christus Schumpert Medical Center, 71 So.3d 407, 428 (La.

App. 2d Cir. 2011).  Article 2315.2 provides for a wrongful death action, which permits

certain relatives of the deceased to recover the damages that they sustained as a result of the

death.  Walls v. American Optical Corp., 740 So.2d 1262, 1273 (La. 1999).

The two Code articles set forth an exclusive hierarchy of beneficiary classes who are

authorized to bring survival and wrongful death actions.  The primary class under each article

is the "surviving spouse and child or children of the deceased, or either the spouse or the

child or children."  A succession representative is not included among the classes who may

bring wrongful death actions.  The representative may urge a survival action but only "in the

absence of any class of beneficiary" set out earlier in the article.  "If any class of beneficiaries exists, then a succession representative or administratrix has no right of action to bring a survival or wrongful death action."  Lucarelli ex rel. Taylor Estate v. DVA Renal Healthcare, Inc., 2008 WL 5586615, *5 (W.D. La. 2008) (collecting state law decisions on the issue).

Mr. Chaney was survived by two children, so they are the only parties who may bring survival or wrongful death claims.  Ms. Pleasant is a named plaintiff in this civil action, but her memorandum asserts no argument that she is entitled to recover any amount, either individually or as administratrix.  Her claims should be dismissed. The central issue is whether the SF 95 that Ms. Pleasant filed was adequate to timely exhaust administrative remedies with respect to the claims of the two children.

An FTCA action may not be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency" and the claim has been finally denied by the agency.  28 U.S.C. § 2675(a).  A claim is properly presented within the meaning of the statute "when the agency is given sufficient written notice to commence investigation and the claimant places a value on the claim."  Adams v. United States, 615 F.2d 284, 289 (5th Cir., clarified, 622 F.2d 197, 5th Cir. 1980).  The Court described the requirement as one of "minimal notice." Adams, 615 F.2d at 289. There are regulations that provide who must file the claim and what sort of evidence of authority must be presented, but the jurisdictional notice requirements of Section 2675(a) are not to be read in light of those regulations.  Id.; Transco Leasing Corporation v. United States, 896 F.2d 1435, 1442 (5th Cir. 1990).

The purpose of the statute is "served as long as a claim brings to the Government's attention facts sufficient to enable it thoroughly to investigate its potential liability and to conduct settlement negotiations with the claimant." Frantz v. U.S., 29 F.3d 222, 224 (5th Cir. 1994), quoting  Rise v. U.S., 630 F.2d 1068 (5th Cir.1980).  Government requests for dismissal of certain claims in Rise and Frantz were rejected because the government's investigation of the administrative claims should have revealed the possibility of the theories of liability other than those specifically enumerated in the SF 95.

The minimal notice requirement has been tested in several other cases, some of which will help assess the motion to dismiss. In Transco, a bank, as independent executor of the estate of a man who died in an airplane crash, filed an administrative claim that sought to recover damages on behalf of the deceased's widow and daughter.  The Government argued that the claim form filed by the bank did not comply with Section 2675(a) because neither the widow nor the daughter provided the agency with written notice of their claims.  The widow's name and address were listed on the form, but the daughter was not mentioned at all.  The widow and daughter were the actual statutory beneficiaries under Texas law but (different from in this case) Texas law permitted the bank as executor to prosecute a wrongful death action on their behalf.  The Fifth Circuit concluded in Transco that the administrative claim submitted by the bank satisfied the jurisdictional notice requirements of sufficient written notice to commence investigation and placing a value on the claim.

The Adams principles were also applied in Champagne v. U.S., 573 F. Supp. 488 (E.D. La. 1983) when the widow of a man who died after medical treatment at a VA hospital

filed an administrative claim for wrongful death.  On the SF 95, the "Name of Claimant" was

listed as "Dora Rome Champagne and children," with a note to see an attached paper.  That

paper listed the names of the children and their ages.  Only the mother signed as claimant,

and there was no evidence (as required by regulation) of her authority to present a claim on

behalf of the children.  The Government filed a motion to dismiss. The court noted a "strong

policy of protecting the rights of minors" and found that the claim provided adequate notice

to allow an FTCA suit for wrongful death on behalf of the children. The motion was denied.

Another wrongful death case against the VA gave rise to Green v. U.S., 2003 WL

21500553 (E.D. La. 2003).  Only one of the deceased's 12 children filed an administrative

claim.  The other eleven children were not listed anywhere on the SF 95, the child who filed

a claim did not have authority to represent the others, and when the child was asked

specifically about other surviving children he responded, "not applicable."  The court found

that these facts did not present even the minimal notice required to allow the other siblings

to file suit.  The court distinguished Champagne, noting that it concerned claims of minors

and actually listed the children's names and ages.

Other examples of the application of the notice requirement include Hiatt v. U.S., 910

F.2d 737, 741 (11th Cir. 1990), in which an estate representative's administrative claim for

wrongful death was deemed to provide adequate notice of a minor son's cause of action, even

though the son was not named in the administrative claim.  The reasoning included that the

widow's claim made it clear that she was acting as the personal representative of the estate,

so the Government had notice that damages would be sought for all beneficiaries of the

estate.  In Starr v. U.S., 262 F. Supp. 2d 605 (D. Md. 2003), a wrongful death claim made

by the decedent's mother, which was accompanied by a cover letter that named both parents,

was found to have provided sufficient notice of wrongful death and survival claims for both

parents who were the only proper parties to assert the claims under state law.

A widow, individually and as executrix of her late husband's estate, filed an SF 95

claim for wrongful death of her husband.  Another relative, individually and as executor of

the estate of the widow's daughter who died in the same accident, filed a separate SF 95 for

wrongful death of the daughter.  The widow and her two surviving children later filed suit

for damages for the deaths of the husband and daughter.  The question was whether the SF

95 forms satisfied the notice requirement for the individual claims of the two adult children

and, with respect to the deceased's daughter, the claims of the mother and surviving sister.

The court found that the filings were sufficient to alert the Government as to the identity of

the decedent's survivors, and the Government could have easily further explored the identity

of the members of the estate in case of any doubt. Wojciechowicz v. U.S., 474 F. Supp. 2d

283 (D. Puerto Rico 2007).

There was a different result for an unidentified claimant in Chickaway v. U.S., 823

F. Supp. 2d 452 (S.D. Miss. 2011), which arose after a child died following medical care.

The mother, individually and on behalf of the estate of the child, filed an administrative

claim.  After she exhausted and filed suit, the child's natural father moved to intervene as a

plaintiff.  The Government moved to dismiss on the grounds that the father did not file an

administrative claim. He responded that state law necessarily included him, as natural father,

among the wrongful death beneficiaries. The court noted that the record contained no hint that the Government even knew the father existed before he attempted to intervene in the suit. The Government's motion to dismiss was granted under those facts.

Each case must be decided on its own facts, but the cited decisions are examples of how the applicable principles have been applied in similar situations. This case presents an administratrix filing an SF 95 when she had no legal ability under Louisiana law to pursue a wrongful death or survival claim. On the other hand, the first paragraph of an attached document notified the Government that the deceased was survived by two minor children, who could bring the claims, and who were identified by their full names. There is also evidence that the VA was well aware of the claims of the children during the administrative process; its letters include reference to the children and the requirement of appropriate tutorship approval should a settlement offer be accepted. It was not until late in the process that the agency took the position that Ms. Pleasant's SF 95 was not sufficient to present the claims of the minors and that it was then too late for the minors to make a claim.

The undersigned finds that the filing in this case satisfied the minimal notice requirements as set forth in Fifth Circuit jurisprudence. Not only should the Government have been on notice of the minors because of the filing, we know that the Government had actual notice and discussed the claims of Chassiti and Lavardis. The children were adults by the time this suit was filed, but they were minors when the limitations period was about to expire. Fortunately for them, their aunt took every step she could think of to preserve their claims, despite what is said to have been a lack of cooperation from their mothers. The facts

are a bit unusual, but notice of the claims was provided, and the Government has not attempted to claim any surprise, prejudice, or lack of ability to administratively address the claims of the children.  Dismissal would be improper under these circumstances.

Accordingly,

**IT IS RECOMMENDED** that the Government's **Motion to Dismiss (Doc. 14)** be granted in part by dismissing all claims by Denise Pleasant and denied in all other respects.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of August, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE