

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

DENISE PLEASANT, ET AL.

CIVIL ACTION NO. 11-0380

versus

JUDGE TOM STAGG

THE UNITED STATES OF AMERICA

## MEMORANDUM RULING

Before the court is a motion to dismiss filed by the defendant, the United States of America ("the government"). See Record Document 14. Based on the following, the government's motion to dismiss is **GRANTED**.

## I. BACKGROUND

Nathan Chaney died at the Overton Brooks VA Medical Center in Shreveport in May of 2006. Chaney was never married but was the parent of two minor children by two different mothers. An administrative claim for wrongful death damage was filed with the Department of Veterans Affairs ("VA") pursuant to the Federal Tort Claims Act ("FTCA") by Denise Pleasant ("Pleasant"), administratrix and sister of the deceased, on Standard Form 95.[1] The claimant space on the form

---

[1] Counsel for Pleasant represented in her memorandum that Pleasant pursued the appointment as admhnistratrix with the objective to preserve the claim for the

stated "Denise Pleasant, administratrix" and the name and address of her attorney. Attached to the form was a document similar to a complaint in a lawsuit. The first paragraph stated that Chaney was "survived by his sister, Denise Pleasant, mother, Muriel Lee Chaney Thomas, and minor children, Chassiti B. Williams and Lavardis R. Whitman." The children were minors at the time Chaney died and when the administrative claim was made. The record indicates that settlement offers were exchanged between the VA and Pleasant's attorney. The VA later issued a letter to Pleasant's attorney that summarized the claim and stated that it was denied as "not amenable to administrative resolution."[2] Thereafter, the VA issued a final denial of the claim, concluding that Pleasant, as a sister or succession representative, was not a proper beneficiary entitled to bring a wrongful death or survival action on behalf of Chaney or his surviving children. After the final denial of the administrative claim, suit was filed in this court by Pleasant, Lavardis Whitman and Chassiti Williams, seeking damages pursuant to Louisiana's wrongful death and survival causes of action through the FTCA. The government filed a motion to dismiss,

---

benefit of the minor children, whose natural mothers refused to cooperate in obtaining letters of tutorship.

[2]In 2009, the VA made a settlement offer to Pleasant's attorney which stated: "If your client chooses to accept this offer, we will need approval of the probate court, approval by the attorney(s) appointed to represent the minor children, as well as an authorization for release of medical records of Mr. Chaney."

2

seeking dismissal of the case for lack of subject matter jurisdiction. The government asserted that the administrative claim was filed only by Pleasant, who lacked the capacity individually or as administratrix to assert the claims at issue, and that it is now too late for the children of the deceased to submit a timely administrative claim.

The motion was referred to Magistrate Judge Mark Hornsby for a Report and Recommendation, which issued on August 15, 2012. See Record Document 23. The magistrate judge recommended that Pleasant's claims be dismissed, that the that government's motion to dismiss be denied in all other respects. See id. This court agrees with and **ADOPTS** the Magistrate Judge's characterization of the facts in this case, but, for the reasons stated below, the court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the Magistrate Judge's analysis and recommendation.

## II. LAW AND ANALYSIS

Based on his review of the government's motion to dismiss, the magistrate judge recommended that the claims of Denise Pleasant be dismissed, accurately noting that since Chaney was survived by two children, they are the only parties who may bring survival or wrongful death claims. This court **AGREES** with that conclusion and **ADOPTS** the Report and Recommendation to that extent.

3

However, this court **DECLINES** to adopt the Report and Recommendation to the extent that it recommends that the remainder of the government's motion to dismiss be denied. Under the FTCA, the United States is liable in damages "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Title 28, United States Code, section 2675(a) provides that as a prerequisite to maintaining a suit against the United States, a plaintiff must present notice of his claim to the appropriate federal agency. Following an analysis of cases from the Fifth Circuit and various other district courts, the magistrate judge concluded that "the [administrative] filing in this case satisfied the minimal notice requirements as set forth in Fifth Circuit jurisprudence." Id. at 10. The magistrate judge relied principally upon the case of Adams v. United States, 615 F.2d 284, 289 (5th Cir.), clarified 622 F.2d 197 (5th Cir. 1980), in support of the proposition that "minimal" notice is all that is required by the statute. However, in Adams, the Fifth Circuit was presented with a claim wherein the Air Force requested additional factual information, such as medical bills and reports, which the claimants refused to provide. The Fifth Circuit concluded that the refusal did not deprive the court of jurisdiction, as the government had received sufficient information to enable it to identify and investigate the claim. See id. In the instant case, however, the government is not arguing that it lacked proper notice of the minor claimants. To

4

the contrary, the government concedes that "the identities of the minor children were revealed in the attachment to the administrative claim." Record Document 24 at 6. The court agrees with the government that the issue is not one of notice, as analyzed by the magistrate judge, but instead one of lack of capacity to initiate and preserve the claim. The cases cited by the magistrate judge are all distinguishable in this vein.

In <u>Johnson v. United States</u>, 287 F. App'x 328 (5th Cir. 2008), the Fifth Circuit upheld the dismissal of a complaint alleging medical malpractice by the VA, finding that a decedent's sister lacked the legal capacity to bring a claim on behalf of the deceased veteran. Despite repeated requests by the VA to produce evidence of authority to bring the claim, the sister failed to do so and the claim was denied. The district court and the Fifth Circuit, applying Texas law, concluded that the sister was required to establish that she had the capacity to sue on behalf of the decedent. She failed to do so; therefore, summary judgment was entered. <u>See id.</u> at 329-30.

Similarly, Pleasant has failed to demonstrate that she had the legal right to present claims on behalf of the minor children under Louisiana law. Pleasant presented the claims in her capacity as administratrix. Under Louisiana law, unemancipated minors lack the procedural capacity to sue and a tutor must be

appointed. See La. Code Civ. P. art. 683. Pleasant failed to introduce evidence establishing that she had been appointed as a tutrix for the children.

This court finds that Pleasant lacked the capacity, or legal right, to bring a claim on behalf of the minor children. The magistrate judge concluded as much in the Report and Recommendation when he noted that the facts of the case "present[] an administratrix filing an SF 95 <u>when she had no legal ability under Louisiana law</u> to pursue a wrongful death or survival claim." Record Document 23 at 10 (emphasis added).[3] This court does not believe that the issue is one of notice but instead of one of capacity or authority to assert the claim in the first place. There is simply no evidence in the record to demonstrate that Pleasant had the capacity to sue on behalf of the minor children. See Johnson, 287 F. App'x at 329-30. Accordingly, the government's motion to dismiss must be granted.

---

[3]Where this court parts ways with the magistrate judge is not the characterization of what issue is truly before the court, but the ultimate analysis of that issue. The magistrate judge found that "the central issue is whether the SF 95 that Ms. Pleasant filed was adequate to timely exhaust administrative remedies with respect to the claims of the two children." Id. at 6. While this court agrees with that description of the issue, the court disagrees with the magistrate judge's conclusion that "the filing in this case satisfied the minimal notice requirements as set forth in Fifth Circuit jurisprudence." Id. at 10-11.

6

## III. CONCLUSION

This court agrees with and **ADOPTS** the magistrate judge's characterization of the facts in this case. The court further **ADOPTS** the Report and Recommendation to the extent that it dismisses the claims of Denise Pleasant. The court **DECLINES TO ADOPT** the analysis and recommendation contained within the Report and Recommendation to the extent that it recommends that the motion to dismiss be denied. Instead, based on the foregoing, the government's motion to dismiss (Record Document 14) is **GRANTED**.

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 25th day of October, 2012.



JUDGE TOM STAGG